DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DENNIS KISSMAN and MARINA MANAGEMENT SERVICES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. THOMAS MARINA CORPORATION and KOSEI OHNO,<br><br>Defendants,<br><br>and<br><br>CROWN BAY MARINA, L.P., as a<br><br>Nominal Defendant. | Case No. 3:18-cv-0018 |

## ORDER

**BEFORE THE COURT** is the Report and Recommendation and Order on Nominal Defendant Crown Bay Marina, L.P.'s ("CBM") Motion for Leave to Join Additional Parties. (ECF No. 146.) For the reasons stated below, the Court will adopt the Report and Recommendation and affirm the Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on February 22, 2018, in the Superior Court of the Virgin Islands, asserting claims for breach of contract, tortious interference, and defamation. On March 29, 2018, Defendants Kosei Ohno and St. Thomas Marina Corporation removed the action to this Court.

CBM filed its motion for leave to join Nancy Kissman ("N. Kissman"), Jane Wherren ("Wherren"), and Marina Staffing, Inc. ("MSI") as counter-defendants, on July 7, 2020.[1] (ECF No. 128.) The motion also purportedly sought to amend CBM's counterclaim to add claims

---

[1] The motion did not specifically move to amend the counterclaim but was accompanied by an attached amended counterclaim. (ECF No. 128-3.) The Magistrate Judge generously construed this attachment as a motion to amend and analyzed it as such.

under the Virgin Islands Criminally Influenced and Corrupt Organizations Act ("CICO"), 14 V.I.C. § 600, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. (ECF No. 128-3.)

On September 9, 2020, the Magistrate Judge issued a thorough report and recommendation and order granting CBM's motion to add N. Kissman, Wherren and MSI as counterclaim-defendants; directing CBM to file an amended counterclaim within five business days of the date of the Order; and ordering the counterclaim defendants to respond to the counterclaim within the time provided by the applicable rules. (ECF No. 146 at 12.) The Magistrate Judge further recommended that the motion, insofar as it sought to add claims under RICO and CICO, be denied. *Id.* Plaintiffs objected to the Order on September 23, 2020. (ECF No. 158.) CBM objected to the Report and Recommendation on the same day. (ECF No. 159.)

## II. ANALYSIS

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b); *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). Where there are no objections, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See, e.g., Henderson v. Carlson*, 812 F. 2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.").

Similarly, "[w]hen a pretrial matter [is] not dispositive of a party's claim . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a). "This standard

requires the District Court to review findings of fact for clear error and to review matters of law de novo." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)(*citing Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

The Court has conducted a careful and independent review of the motion and the record in this matter, the Report and Recommendation and Order, and the parties' objections thereto. Upon *de novo* review, it is hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**, ECF No. 146, and the Order of the Magistrate Judge is **AFFIRMED**; it is further

**ORDERED** that the objections at ECF Nos. 158 and 159 are **OVERRULED**; it is further

**ORDERED** that Nominal Defendant Crown Bay Marina L.P.'s Motion for Leave to Join Additional Parties, ECF No. 128, is **GRANTED in part,** in so far as it seeks to add Nancy Kissman, Jane Wherren, and Marina Staffing Inc. The motion is **DENIED** insofar as it seeks to add additional counterclaims.

**Dated:** September 30, 2022            */s/Robert A. Molloy*

                                                           **ROBERT A. MOLLOY**
                                                           **Chief Judge**