## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

DENNIS KISSMAN and MARINA )
MANAGEMENT SERVICES, )
                               )
               **Plaintiff,** )
                               )    **Case No. 3:18-cv-0018**
               **vs.** )
                               )
ST. THOMAS MARINA CORPORATION )
and KOSEI OHNO, )
                               )
             **Defendants,** )
                               )
and )
                               )
CROWN BAY MARINA, L.P., as a )
                               )
            **Nominal Defendant.** )

APPEARANCES:

LEE J. ROHN, ESQ.
LEE J. ROHN & ASSOCIATES
ST. CROIX, VIRGIN ISLANDS
     *FOR PLAINTIFF AND COUNTER-DEFENDANTS DENNIS KISSMAN AND MARINA MANAGEMENT SERVICES*
     *FOR COUNTER-DEFENDANTS NANCY KISSMAN, JANE WHERREN, AND MARINA STAFFING, INC.*

ADAM NICHOLAS MARINELLI, ESQ.
A.J. STONE, III, ESQ.
LAW OFFICES OF BOLT NAGI PC
ST. THOMAS, U.S. VIRGIN ISLANDS
     *FOR DEFENDANTS ST. THOMAS MARINA CORPORATION, KOSEI OHNO, AND CROWN BAY MARINA, L.P.*
     *FOR COUNTER-PLAINTIFF CROWN BAY MARINA, L.P.*

### <u>MEMORANDUM OPINION</u>

**Robert A. Molloy, Chief Judge.**

     **BEFORE THE COURT** is Plaintiff Dennis Kissman's ("Plaintiff") Motion for Protective Order and/or for a Stay of the Deposition Until the Court Rules on the Pending Motion for Protective Order, filed January 12, 2024, (ECF No. 368). Defendants St. Thomas Marina Corporation, Kosei Ohno, and Crown Bay Marina, L.P., (collectively "CBM") filed their

opposition on January 15, 2024, (ECF No. 369), and Plaintiff replied on January 26, 2024, (ECF No. 371). Also, before the Court is CBM's Motion for Sanctions and to Compel Production of Party Witness, filed on March 21, 2024, (ECF No. 372). Plaintiff responded in opposition on April 4, 2024, (ECF No. 377), and CBM replied on April 18, 2024, (ECF No. 379).

Plaintiff petitions the Court for a protective order "and/or for a stay" postponing the deposition of Dennis Kissman ("Kissman") until after the Court addresses CBM's pending motion, (ECF No. 241), seeking to disqualify Plaintiff's counsel. (ECF No. 368.) CBM, on the other hand, seeks to compel Kissman's deposition and further moves the Court to impose sanctions upon Plaintiff for failure to appear for his "duly noticed deposition" that was scheduled for January 16, 2024. (ECF No. 372.) For the reasons discussed below, the Court will grant Plaintiff's motion for protective order and will deny CBM's motion for sanctions and to compel.

## I.    BACKGROUND

Because the parties are intimately familiar with the underlying facts of this case, the Court will recite only those facts necessary for a disposition of the instant motions. On February 22, 2021, CBM filed a motion to disqualify Plaintiff's counsel, Attorney Lee J. Rohn, from representing Plaintiffs/Counter-Defendants and Marina Management Services, Inc.; Counter-Defendants Nancy Kissman, Jane Wherren, and Marina Staffing, Inc.; and Nonparty Witness Samantha Senger. (ECF No. 241.) That motion remains pending. Endeavoring to avoid a potentially unethical situation, counsel for Plaintiff expresses that she is reluctant to proceed with the deposition of Kissman until after the matter of disqualification is resolved. (ECF No. 368 at 2.) Counsel maintains that she had expected the motion to disqualify to have

been decided by January 2024, and "reluctantly agreed to schedule Plaintiff's deposition for January 16, 2024, expressly discussing that the disqualification should be decided by then." *Id.*

Plaintiff further contends in his Reply to Defendants' Opposition to Motion for Protective Order that "a Notice of Deposition has to comply with a Case Management Order, and there is none, and all deadlines have passed."[1] (ECF No. 371 at 3.)

On June 16, 2022, the Court rescheduled the June 20, 2022 trial to October 31, 2022. (ECF No. 339.) On September 30, 2022, the Court adopted the Report and Recommendation of the Magistrate Judge, (ECF No. 146) and affirmed the Magistrate's Order, granting Nominal Defendant Crown Bay Marina L.P.'s Motion for Leave to Join Additional Parties, Nancy Kissman, Jane Wherren and Marina Staffing Inc. The motion was denied insofar as it sought to add additional counterclaims. (ECF No. 343.) On October 27, 2022, the Court continued the October 31st trial date "to be determined in a subsequent trial management order." (ECF No. 345.) Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff certified that on July 12, 2024, he conferred with CBM in good faith to resolve this dispute, but CBM "declined to withdraw the deposition notice pending resolution of the motion to disqualify." (ECF No. 368 at 4.)

In opposition, CBM argues that Plaintiff must move forward with the deposition and should not be permitted to use the pending motion to disqualify "as a basis to stay discovery"

---

[1] Plaintiff expresses befuddlement having "no idea how Defendants can claim they are simply complying with the Court's Scheduling Order from March 25, 2020, that cut-off fact discovery on December 30, 2020. Currently, there is no Case Management Order." (ECF No. 371 at 3.) The Court notes that following a pretrial video conference held on January 28, 2021, the Court issued an Order later that same day in which it entered a new schedule, which extended the 2020 deadlines for fact discovery. The trial was scheduled to begin on June 20, 2022. *(*ECF No. 235.)

at this late point in time. (ECF No. 369 at 6; *see generally* ECF No. 367.) CBM contends that

for the last few years Plaintiff's counsel has essentially led them along by the nose with

promises to schedule Kissman's deposition and then either demurring or completely

ignoring CBM's efforts to set a date. (ECF No. 369.) CBM first requested to take Kissman's

deposition in September 2022. (ECF No. 372 at 2; ECF Nos. 372-1, 372-2.) After four follow-

up emails to Plaintiff's counsel were ignored, on July 19, 2023, Plaintiff's counsel informed

CBM's counsel that Kissman was undergoing a medical procedure and would not be available

for a deposition. *Id.* CBM's counsel requested available dates "for some time within the

following ninety days." Plaintiff's counsel promised to do so, but never did. *Id.* After receiving

no further communication from Plaintiff's counsel for two months, CBM informed Plaintiff's

counsel via email on September 18, 2023, that if she did not provide Plaintiff's availability in

October 2023 that CBM would be forced to proceed with filing a unilateral Notice of

Deposition. After receiving no response, CBM served the notice of deposition on September

21, 2023, setting the date of October 24, 2023, filed at ECF 360. *Id.* CBM later amended the

Notice of deposition, (ECF No. 362), setting the date to October 31, 2023. *Id.*[2] On November

21, 2023, after three emails sent to Plaintiff's counsel requesting confirmation of January 15,

2024, as the deposition dates, went unanswered, CBM informed Kissman's counsel that

another unilateral notice of Kissman's deposition would be filed.[3]  (ECF No. 369 at 4.) "That

email was ignored." *Id.* Subsequent email attempts to confirm the location of Kissman for

---

[2] CBM's counsel contacted the Court pursuant to the Trial Management Order's requirement to contact the
Court for informal resolution of discovery disputes prior to filing any discovery related motions. (ECF 369 at 4.)
At the hearing the Court instructed the parties that discovery remained open and that the deposition of Kissman
needed to be taken. *Id.*
[3] The Second Amended Notice of Deposition of Kissman was filed November 30, 2023; the deposition was
noticed to begin January 16, 2024, at 11:00a.m. (ECF No. 367.)

coordinating logistics and providing a zoom conference link were also ignored. (ECF No. 369 at 4, 5; *see also* ECF No. 372-2.) Plaintiff filed the instant motion for a protective order at 6:04 p.m. on January 12, 2024—a Friday evening, before a three-day holiday weekend[4], and four days before Kissman was scheduled to be deposed, Tuesday, January 16, 2024. (ECF No. 368 at 1; ECF No. 372 at 3.)

CBM argues that Plaintiff had plenty of time to object or to file a motion for a protective order, but instead waited until the last minute "despite being duly noticed for [Kissman's] deposition since November 30, 2023." (ECF No. 369 at 6; *see generally* ECF No. 367.) "[N]o formal objection, request for stay of discovery, or motion for protective order was made at any time during the [interim period] in which CBM has attempted to schedule and conduct the deposition of Dennis Kissman" or in "the nearly three years since the Motion to Disqualify Counsel [ECF No. 241] was filed on February 22, 2021." (ECF No. 369 at 3; ECF No. 372 at 3.)

## II.    LEGAL STANDARD

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." *Lloyd v. HOVENSA, LLC.,* 369 F.3d 263, 274 (3d Cir. 2004) (quoting *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983)); *but see LabMD Inc. v. Boback*, 47 F.4th 164, 187 (3d Cir. 2022) ("But, of course, a district court's discretion is not unbounded. It abuses that discretion if it 'interfere[s] with a substantial right[.]'") (citation omitted). Rule 26 of the Federal Rules of Civil Procedure provides that:

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery
> regarding any nonprivileged matter that is relevant to any party's claim or

---

[4] Martin Luther King Day was observed on Monday, January 13, 2024.

defense and proportional to the needs of the case, considering the importance
of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, the importance
of the discovery in resolving the issues, and whether the burden or expense of
the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## A. Motion for Protective Order

When "[a] party or any person from whom discovery is sought" moves for a protective

order, "[t]he district court has broad discretion to decide whether a protective order is

appropriate in the circumstances." 2 Moore's Manual--*Federal Practice and Procedure* §15.04

(2025); Fed. R. Civ. P.26(c)(1). "The court may, *for good cause*, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense,"

however, "[t]he party seeking the protective order must show good cause by demonstrating

a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.

1986, *cert. denied*, 484 U.S. 976, (1987); Fed. R. Civ. P. 26(c)(1) (emphasis added).

For good cause to exist, the party seeking protection must show that disclosure will

result in "a clearly defined, specific and serious injury" *Shingara v. Skiles*, 420 F.3d 301, 306

(3d Cir. 2005); *see also Gardner v. Boone*, No. 19-cv-5572, 2023 U.S. Dist. LEXIS 22536, at *8

(E.D. Pa. Feb. 9, 2023) ("The alleged injury must be 'clearly defined and serious' and 'so

unreasonable as to justify restricting discovery.'")(citation omitted). In determining whether

good cause exists for a protective order, courts employ a balancing test, weighing the

requesting party's need for information against the injury that might result if disclosure is

compelled. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994); *see

also* 2 Moore's Manual--*Federal Practice and Procedure* § 15.04 (2025) ("Under the balancing

standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party.").[5]

### B.  Motion to Compel

"A court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion." *Milhouse v. Heath*, No. 1:15-CV-01400, 2022 U.S. Dist. LEXIS 175305, at *7 (M.D. Pa. Sep. 27, 2022) (citing *Marroquin-Manriquez*, 699 F.2d at 134). "Discovery requests may be curtailed to protect a person from whom discovery is sought from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) (quoting Fed. R. Civ. P. 26(c)(1)).

### III.    DISCUSSION

### A.  Motion for Protective Order

Plaintiff, as the party seeking the protective order to preclude Kissman's deposition, bears the burden of demonstrating good cause to do so. *See Cipollone* at 1121 (citing Fed. R. Civ. P. 26(c)). As CBM points out, Plaintiff's good cause—based on ethical concerns—is that "counsel will not jeopardize the Plaintiff or herself by going forward with the Plaintiff's deposition while the cloud of a disqualification motion is pending." (ECF No. 368 at 2.)

---

[5] "[T]he following factors, which are neither mandatory nor exhaustive . . . may be considered in evaluating whether 'good cause' exists: 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public." *Jordan v. Sw. Energy Co.*, No. 3:20-CV-414, 2021 U.S. Dist. LEXIS 10821, at *10-11 (M.D. Pa. Jan. 21, 2021)(citing *Glenmede Tr. Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995).

For its part, CBM emphasizes that Plaintiff has represented having poor health, emphasizing that time is of the essence for acquiring essential testimony in this matter.[6] CBM further cites to *Prodox, LLC v. Prof'l Document Servs.*, stating that "[w]hen an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and *the request for relief may be denied outright.*" *Prodox, LLC v. Prof'l Document Servs.*, 341 F.R.D. 679, 684 (D. Nev. 2022) (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (emphasis added). In *Prodox*, the defendant had "filed a motion for protective order after hours the night before the deposition was set to take place and then did not show up for the deposition. . . . [The defendant] engaged in this tactic despite repeatedly agreeing that Plaintiff could finish [the] deposition after the discovery cutoff." *Id.* at 341 F.R.D. 679, 683 (D. Nev. 2022). The Court in *Produx* denied the defendant's motion for protective order and described the offending defendant's behavior as "dredged up from the cesspool of 'Rambo' litigation [that] cannot be countenanced," and added that such conduct was "properly the subject of sanctions." *Id.* at 684.

After evaluation of the relevant guiding benchmarks, and upon careful consideration of the parties' positions, the Court finds that the threat of a potential ethical dilemma is credibly at stake and qualifies as "clearly defined, specific and serious injury." See *Falkenberg Capital Corp. v. Dakota Cellular*, Civil Action No. 95-351 MMS, 1998 U.S. Dist. LEXIS 13456, at *7-9 (D. Del. Aug. 4, 1998) (finding no cause justifying a protective order against taking

---

[6] "As the Court is aware, one of the Kissmans has now passed away and CBM has reasonably asserted the immediate need of the preservation of testimony from the remaining member of Marina Management Services, Inc., whom is also in poor health according to the repeated representations of Plaintiffs' counsel." (ECF No. 379 at 3, n.4.)

deposition where threats to disqualify were merely speculative threats made in communications between the parties and a motion to disqualify had not yet been filed).

It is not lost on the Court that CBM's motion to disqualify was filed in 2021 before fact discovery deadlines had passed, that CBM first attempted to schedule Kissman's deposition in 2022, and that Plaintiff's motion for a protective order was not filed until 2024—nearly three years after the motion to disqualify was filed. (ECF No. 368). And, as CBM points out, at no time during that three-year span did Plaintiff seek a stay or otherwise raise objections to further prosecution of this action—until now. (ECF No. 369 at 2.) However, distinguishable from *Produx*, Plaintiff's motion for protective order was never denied before CBM scheduled Kissman's deposition. *See Produx* at 684. Furthermore, CBM is fully aware of the ethical implications looming under the shadow of its motion to disqualify. [7]

Turning to the timing of Plaintiff's filing, Rule 26 does not specify a time period within which a protective order must be made. "In the case of a deposition, a party must file a motion for a Rule 26(c) protective order prior to the time the deposition is set to begin." 2 Moore's Manual--*Federal Practice and Procedure* § 15.04 (2025). A court should "consider all of the circumstances facing the parties" when making a determination of timeliness. *Id.*

---

[7] For example, at the discovery conference held on October 26, 2023, the Court encouraged the parties to move forward with discovery and Plaintiff's counsel expressed her hesitancy to schedule Kissman's deposition before the motion to disqualify is ruled on because of the potential ethical problems. Also, in Plaintiff's Response to Court's Order Setting Trial for October 31, 2022, filed on July 19, 2022, Plaintiff states "Because of the failure to rule on disqualification and other motions, depositions have not yet been conducted in this case." (ECF No. 341.)

Plaintiff filed the motion for protective order prior to the date set for Kissman's deposition—granted, not much prior. However, Plaintiff had previously expressed her concerns in context of the motion to disqualify to both the Court and to CBM. CBM chose to move forward with scheduling the deposition and in response, Plaintiff chose to exercise the option to file a protective order.

The Court finds good cause is established by the ethical implications at stake. The Court will grant Plaintiff's motion and will stay the deposition of Dennis Kissman until CBM's pending motion to disqualify is addressed. Because the Court grants Plaintiff's protective order, it must deny CBM's motion to compel Kissman's deposition and does so without prejudice.

## B. Sanctions

The final issue before the Court concerns sanctions.

CBM asserts that it incurred "significant expense leading up to and appearing for the duly noticed deposition of Dennis Kissman," and that it is "entitled to all its costs, including attorney's fees associated with the scheduling, preparing, and appearing for the deposition." (ECF No. 372 at 6; ECF No. 379 at 3.) Given Plaintiff's "significant pattern of delay" stemming from a "consistently deployed strategy in this case" to avoid the deposing of Kissman, CBM asks the Court to impose sanctions upon Plaintiff's counsel for "dilatory conduct" and a "bad faith approach to discovery." (ECF No. 372 at 4, 6, 7; ECF No. 379 at 1, 3.)

In her defense, Plaintiff's counsel argues that she is the one who should be awarded attorney fees "for having to respond to CBM's Motion to Compel" that was filed after discovery deadlines had passed and without leave of the Court. (ECF No. 377 at 10.) The

deadline for fact discovery was August 30, 2021, and all other discovery was to be completed by December 31, 2021. (ECF No. 377 at 5, 6; *see generally* ECF No. 235.) In addition, Plaintiff argues that the Court previously acknowledged that the pending motion to disqualify colors other aspects of the case. (ECF No. 377 at 6, 7.) Counsel proffers that CBM "could have taken the Court's lead and waited until the Court issued a decision on the disqualification motion" and set new deadlines "before moving to compel the deposition of Kissman." (ECF No. 377 at 10.)

The function of sanctions is "to encourage adherence to discovery procedures." *Di Gregorio v. First Rediscount Corp.*, 506 F.2d 781, 19 Fed. R. Serv. 2d (Callaghan) 728, 1974 U.S. App. LEXIS 5574 (3d Cir. 1974). To avoid sanctions when seeking a protective order, the motion must be "substantially justified" in its filing. (Fed. R. Civ. P. 37(a)(5)(B); ECF 369 at 6.)

To counsel's point, Federal R. Civ. P. 37 does provide for sanctions—including attorney fees—when a motion to compel is denied. Fed R. Civ P. 37. However, sanctions may be avoided if "the [motion to compel] was *substantially justified,* or other circumstances make an award of expenses unjust."[8] *Id.* (Emphasis added.) The Court finds that an award of

---

[8]Applying this standard in a different context, the Supreme Court has defined substantial justice to mean "justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness." *Id. See also Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140, n. 23 (3d Cir. 2009)("Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]."); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227-29 (10th Cir. 2015) (holding that "substantial justification" under Rule 37 means "justified to a degree that could satisfy a reasonable person"); *see also* 1 Moore's Answer Guide: *Fed Civil Motion Practice* § 6.11 ("*Substantially justified* means reasonable people could differ as to the appropriateness of the contested action.")(citing *Neumont v. Florida*, 610 F.3d 1249, 1253 (11th Cir. 2010)).

expenses to Plaintiff would be unjust here. Plaintiff waited until nearly three years after the motion to disqualify was filed before filing a protective order, and CBM provides ample evidence of dilatoriness with emails that counsel repeatedly failed to respond to.

As Plaintiff notes, CBM did not ask the Court's permission to take Kissman's deposition out of time pursuant to LRCi 26.5, however, Plaintiff herself participated with other discovery undeterred after deadlines had passed. As late as October 26, 2023, at the discovery hearing before Judge Ruth Miller, the parties discussed moving forward with discovery and the Court encouraged the parties to do so, even after counsel had expressed her concerns related to the pending motion to disqualify to the Court. Additionally, at the discovery conference on November 5, 2021—after the August discovery deadline had passed—the Court admonished the parties to take depositions.

Ordinarily, Plaintiff's unresponsiveness without any stay or protective order in place amounts to conduct that is "properly the subject of sanctions."[9] CBM relied on repeated assurances of scheduling. However, CBM, too, waited a significant period of time before filing its motion to compel.[10] Furthermore, CBM has been aware of counsel's precarious dilemma

---

[9] The U.S. Supreme Court and the Third Circuit have both upheld District Courts that have gone as far as dismissing complaints based on a party's unwillingness to cooperate in discovery. *See Great W. Funding v. Mendelson*, 158 F.R.D. 339 (E.D. Pa. 1994). One of the factors Courts look at is "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Great W. Funding v. Mendelson*, 158 F.R.D. 339, 349 (E.D. Pa. 1994) *aff'd.* 68 F.3d 456 (3d Cir. 1995). "Examples of prejudice include the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party. Prejudice also includes deprivation of information through non-cooperation with discovery and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 867 (3d Cir. 1994).

[10] CBM first sought Kissman's deposition in 2022 and filed its motion to compel in early 2024. " A motion to compel generally should be brought at the time the unsatisfactory response is received. . . .As a general rule . . . motions to compel filed after the deadline for dispositive motions are considered to be untimely absent unusual circumstances. However, these are not bright-line rules. Courts have broad discretion to determine timeliness based on all the circumstances in a given case" and "[c]ourts have considerable discretion to decide whether a motion to compel has been timely filed."  1 Moore's AnswerGuide: Fed Civil Motion Practice § 6.11.  A Court will

for some time, as well as the ethical pitfalls she was forced to navigate while the motion to disqualify remains pending.

For the reasons discussed above, the Court finds that reasonable people could differ as to the appropriateness of Plaintiff's discovery request and therefore will not impose sanctions. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140, n. 23 (3d Cir. 2009)(defining substantial justification). However, this is a warning. "Discovery is supposed to proceed with minimal involvement of the Court . . .. Counsel [for both sides] should strive to be cooperative, practical and sensible . . .." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citations omitted). Because both Plaintiff and CBM demonstrate substantial justification in their respective actions, the Court will not impose sanctions on either party. The Court trusts that counsel will "strive to be cooperative, practical and sensible" in cooperating with one another moving forward.

## IV.    CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's motion for protective order, ECF No. 368, until the pending motion to disqualify in this matter has been addressed. The Court will not impose sanctions at this time and will deny CBM's motion to compel, ECF No. 372, without prejudice.

---

consider "[w]hether the delay was the product of gamesmanship or was it caused by good-faith efforts to secure the requested information through other means." *Id. See, e.g., Kendrick v. Heckler*, 778 F.2d 253, 258 (5th Cir. 1985) (delay in bringing motion to compel production was excused where a portion of the delay occurred as a result of negotiations regarding voluntary disclosure of the requested documents); *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 255 (N.D. W. Va. 2013) (plaintiff was justified in relying on defendant's assurances that it would produce additional discovery and in waiting for further supplementation in an effort to resolve the issue without court intervention).

*Kissman et al. v. Ohno et al.*
Case No. 3:18-cv-0018
Memorandum Opinion
Page **14** of **14**

An appropriate Order follows.


**Dated:** March 31, 2025                    */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**